**Steven Earl GRACE, Plaintiff–Appellant,**

**v.**

**DEPARTMENT OF THE NAVY; et al., Defendants–Appellees.**

**No. 01–17138.**

**D.C. No. CV–99–04306–JL.**

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2002 *.

Decided July 29, 2002.

Before BROWNING, KOZINSKI, and BERZON, Circuit Judges.

MEMORANDUM ***

Steven Earl Grace appeals pro se the district court's partial dismissal for lack of standing and partial summary judgment for the defendants in his action to compel the Navy to award his father certain military medals, and to recover his father's lost military service record. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Intercontinental Travel Mktg., Inc., v. F.D.I.C.*, 45 F.3d 1278, 1282 (9th Cir.1994), and affirm.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

The district court properly concluded that Grace lacked standing to request the award of medals because Grace did not show he would inherit those medals or that his family's honor was damaged by the lack of medals. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–63, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

The district court properly granted summary judgment to defendants on Grace's claim to recover his father's lost service records because there is evidence that the relevant agencies conducted searches that were reasonably calculated to uncover all relevant documents. *See Zemansky v. United States E.P.A.,* 767 F.2d 569, 571 (9th Cir.1985).

Grace's remaining contentions are unpersuasive.

AFFIRMED.